237944 May it please the Court, my name is Jason Rosger. I represent the plaintiffs and appellants in the case of Madison v. Comfort Systems. We're here today because the defendants inserted and omitted language into their public works contracts in order to thwart their workers by forcing their prevailing wage rights in court. Because of the New York State Constitution and the strong public policy favoring the right to bring such plaintiffs, those provisions are unenforceable and the summary judgment in this case should be reversed. The New York Court of Appeals has made it abundantly clear that a third-party beneficiary claim for prevailing wages must be analyzed in light of New York Labor Law 220's close regulation of the language of prevailing wage contracts. And in light of the strong public policy favoring enforcement of prevailing wage law and requiring liberal interpretation of that law to protect workers' rights, that goes all the way back to the New York Court of Appeals in Austin versus the City of New York from 1932. Could you focus for a moment on the statute of limitations issue? If the plaintiffs are asserting a third-party beneficiary theory relying on the contract, why shouldn't they be bound by the one-year provision in the contracts? They should not be bound by that one-year provision, Justice Chinn, for the very reasons I was just getting into. The New York appellate courts have repeatedly knocked down contractual obligations to enforcing prevailing wage rights in court. For example, a- Have they done so specifically with respect to a shortened statute of limitations? No, there's not. There's no case directly on point here. There's no case in the prevailing wage context that either enforces or declines to enforce a shortened statute of limitations on a third-party beneficiary theory. But a shortened statute of limitations is a procedural right. Sorry. I just want to- the background statute of limitations would be six years? Based on the contract claim, yes, six years. So based on a contract claim, six years. Correct. So would it be a violation of public policy if the contract reduced the statute of limitations by a year? So if it were five years? Well, that's not the question before us right now. It's one year. It's sort of inherent and hypothetical. Yeah, I know. I would say if I had to take a position, I would say yes, because this is a constitutional right to receive prevailing wages. And every procedural- But the statute of limitations, that background that would apply, is six years. So the statute could override that constitutional- could limit that constitutional entitlement, couldn't it? A six-year statute of limitations, or there's no applicable statute of limitations? The applicable statute of limitations is six years, and there's really no dispute about that. What I would say is, you know, the specific overcomes the general. The six-year statute of limitations applies to every contract claim. But the Labor Law 220 and the strong public policy behind it and the constitutional provision trumps that, because every other obstacle has been knocked out of the way by the courts. Administrative exhaustion, knocked out of the way. That's a procedural obstacle, just like the statute of limitations is a procedural obstacle. Negatory clauses in a contract, saying, no, you can't bring in- Nobody in here wants- neither party anticipates that there is going to be a third-party beneficiary claim, and we disclaim anybody's right to do that. Those get knocked out. So, and it's for the same reason. The, you know, the courts are very protective of this right, and to put these obstacles in front of litigants violates public policy and violates the Constitution. And it's also, I think, significant, in light of that public policy, that there's no notice here. When two parties agree to a shortened statute of limitations, they're aware of the limitation. The plaintiffs and the workers have no idea there's a shortened statute of limitation in any of the public works contracts. And while there certainly are cases cited by defendant that hold a shortened statute of limitation applicable to third-party beneficiary theories in general, again, third-party beneficiary theory cases under Labor Law 220 are subject to a special standard. And I think the New York courts will not hesitate to apply that standard in this case and strike down the statute of limitations. Is there a time limit on the administrative process? Three years, basically. I do know from experience the Department of Labor doesn't go any further back than that in their investigations. But I think the existence of the administrative remedy is really irrelevant here. FATA and the right cases from the Court of Appeals make it very clear. Isn't it relevant because there is a remedy? In other words, I think it weakens the public policy arguments because it's not as if workers would be without a remedy. That argument, Justice Chin, was expressly rejected by the Court of Appeals in Wright and in FATA. They made it very clear there is nothing second-class about a third-party beneficiary claim to enforce prevailing wages. In fact, the administrative claim didn't even come into being until the 20s. Twenty-five years after the present statute was first enacted, the third-party beneficiary mechanism was, for that amount of time, the only way to enforce these laws. And that's precisely why Labor Law 220 is so careful about requiring language, prevailing wage obliging language, in those contracts. That's why it's so careful to require that the schedules be appended to those contracts. It's to facilitate a third-party beneficiary theory claim. If there's no further questions, I'll reserve my remaining time for rebuttal. Thank you. Ms. Pizzatelli. Good morning, Your Honors. May it please the Court, my name is Jessica Pizzatelli, and I represent Defendant Appellee Comfort Systems U.S. Syracuse, Inc., doing business as ABJ Fire Protection Company, Inc. The district court correctly dismissed appellant's third-party beneficiary breach of contract claim, which is the only claim that's at issue on this appeal. There is not a New York Labor Law section 220 claim at issue here, nor could there be, as in order to have a New York Labor Law section 220 claim, the workers must first pursue their administrative remedies. And while I have many responses and we briefed in our papers the public policy issue, I do want to focus on the statute of limitations issue because it is dispositive. Under New York state law, parties to a contract can agree to a shortened applicable statutory limitations period. That is statutorily authorized in the CPLR section 201. And plaintiffs concede here that courts will enforce shortened contractual limitations periods when reasonable. They concede that all the contracts at issue here have a one-year limitations period, and they concede that they did not bring their claims within that one-year limitations period. And we cite numerous cases in our papers where a one-year contractual limitations provision is enforceable in analogous contracts, like alarm contracts. We cite numerous cases establishing that a shortened contractual limitations period is binding on third-party beneficiaries, including in analogous contexts as a matter of law. What I'm struggling with in this context is it strikes me that the New York courts have adopted a third-party beneficiary framework, sort of. It doesn't treat this squarely as a third-party beneficiary issue because if they did, then if the parties to the contract said they wanted to have an exhaustion requirement, then traditional third-party beneficiary law would say the third-party beneficiary is bound by the party's agreement as to the limitations and their ability to enforce the wage provision. If the parties to the contract wanted to omit a third-party beneficiary action, then traditional third-party beneficiary doctrine would let them because third parties only have the rights that derive from the contract between the parties. That notion is sort of clearly inapplicable, at least in some contexts, under New York law to these prevailing wage claims. Once you recognize that, I'm struggling with why if we don't enforce the contracting parties' agreement to require, for example, exhaustion of administrative remedies, why would we enforce their agreement to shorten the statute of limitations not only as to claims between the two of them, but as to not present third parties who have a statutory right to a contractual protection of their prevailing wages. Well, I think I have a couple of responses to that. One, it sounds like you're referring to the cases, the Robles v. Shaw case and the Singh v. Zoria housing cases, and those cases really are not on point here. So when you're talking about what Robles' holding was, in that case, the at-issue contract actually said that a prevailing wage would be paid. There was no statute of limitations issued addressed there. And when it came to prohibiting third-party actions, that's not this case. We're not prohibiting third-party actions. Yeah, I think what I'm getting at is something a little less granular. I'm getting at the conceptual underpinnings of both of those. If this were truly a third-party beneficiary claim under traditional third-party beneficiary principles, neither of those cases could have come out the way they came out. So there's clearly something about the statutory mandate of having this requirement in your contract that New York courts have said elevates, changes the way we would do a third-party beneficiary analysis. And I think that, are you warring with that view of mine? I mean, maybe we're parting ways at the primary assumption. Well, I think maybe where we take issue is that there is no statutory mandate that a worker is entitled to a third-party beneficiary breach of contract claim in the first place. Now, I acknowledge the fact that Section 220 does have a provision in the statute which says that the contractor in the municipality shall include a provision regarding payment of prevailing wages. However, prevailing wages aren't required in every contract. And so this is really a case-by-case analysis. Or the prevailing wages provisions are required in every contract in which prevailing wages are due. Prevailing wages are due. Correct. Right. So hasn't the New York Court of Appeals, I mean, I thought maybe we're really parting ways at first principles here. I thought the New York Court of Appeals has essentially said, and I admit they haven't given a lot of, there's not a lot of flesh on the bones here, right? They adopted a dissent which was from the Intermediate Court which was itself about a paragraph long. But that dissent essentially says, look, the administrative remedy here was an afterthought from the get-go. The enforcement mechanism for this statute was a third-party beneficiary, and it's not really about the contracting party's agreement. It's about the statutory overlay. Okay. Yes, and so I hear that. And in response, I would make two points. One, I would go back to the FATA decision which was kind of really the origin of this doctrine in the first place. And FATA even contemplated that there would be limitations. And so what the FATA court held was that in many cases, perhaps in most cases, limitations not only of the scope of the statutory obligation but also of the remedy for its violation may also apply also to the contractual obligation formulated in the same language. So FATA acknowledged that there could be limitations in the contract of the parties. And I would submit to you that even in the cases that plaintiffs cite in support of their public policy arguments, such as the Cayuga-Onondaga case versus Sweeney, that in that court, the Court of Appeals also acknowledged that we have already held that a procedural bar to the suit of a private individual may not preclude a state administrative agency from enforcement proceedings. Now, that's a traditional third-party beneficiary case, right? Or is that involving prevailing wages? That is not a third-party beneficiary case at all. That's a case involving prevailing wages, which plaintiffs cite for the principle that it's the public policy of the state of New York that you need to allow these claims. But what I would, and then again submit to you my point number two, is that when you actually read the public policy cases, what they're doing is they're saying, we're creating this state administrative remedy because the common law remedies and previously the common law claims that plaintiffs were pursued were inadequate. Plaintiffs had a problem of proof there. Plaintiffs had to expense the lawsuits. We're creating this administrative remedy for you, and it is within the province of the Department of Labor and the fiscal officer in the first instance to determine whether prevailing wages are due and owing and what the prevailing wage rate is. So I would submit to you the public policy of the state as actually memorialized in Section 220 is that you should go to the administrative remedies as opposed to the common law action because the Department of Labor is better suited to determine those issues. Because this is squarely a question of New York law that's got pretty broad application, I would think, should we be deciding it at all or should we be certifying it? I think that you are well-equipped to decide this case under the current authorities as they exist, as we've cited in our papers. And again, going back to the statute of limitations issue, we have the CPLR 201. We have a number of cases that are supporting the one-year contraction limitations period. It's black-letter law that this is binding on third party law. There are cases, first department, second department, that hold that certain provisions can be void as against public policy, a provision prohibiting third-party actions. Why wouldn't that reasoning apply to shortening the statute of limitations? Well, I would say that there should be no reason to void the statute of limitations. Well, but there are cases that have held that, and the law is kind of murky on that part. And so I'm trying to focus on the one-year statute of limitations. Why don't the principles that underlie those decisions that come out that way, why doesn't that apply to the one-year provision? Because there are no public policy concerns implicated here. The New York Labor Law Section 220 administrative rights exist as they always have. Nothing has changed with respect to the workers' abilities to pursue their administrative remedies before the fiscal officer pursuant to Section 220. So we're not even talking, nothing has been abridged by these contracts, by the district court's decision as it pertains to their New York Labor Law Section 220 rights. They have those rights to pursue. Well, no, I mean, there's two components to those rights, right? There is an administrative proceeding that they can invoke. But you're not, are you warring with the notion that they have a right to a contract that includes a provision that guarantees prevailing wages and a corollary right to enforce that as a third-party beneficiary? My position is that if you are going to bring a third-party beneficiary a breach of contract claim, you actually need to be a third-party beneficiary of the contract, and the contract has to actually be breached under black-letter New York common law principles. And in this case, there was no prevailing wage provision that was breached. So in that case, again, I'm coming back to Roble and Singh, there was not a breach of the contract because the contract specifically says you either have to exhaust remedies in one case or you don't have a third-party right at all. So denying a right wouldn't breach that contract. It would be consistent with that contract. Were those courts wrong? Well, I think that Roble is really inopposite here because we're not dealing with a situation where workers were deprived of their administrative remedy. Section 220 was always available to them and nothing in the contract deprived them of that right. What about cases that suggest that the contract should be read to include a prevailing wage provision? In other words, you're saying it's not in the contract, but an argument is that it's supposed to be there and as a matter of law, we will read the contract as if such a provision were there. How do you respond to that argument? I respond that that's a Section 220 issue. So if Section 220 says that there's supposed to be a provision in a contract and it's not there, then that's an issue under Section 220 that's not a breach of contract issue or a third-party beneficiary breach of contract issue, and we don't even have to get there. The contract is rewritten to include a prevailing wage provision as a matter of law. So now we assume that there is such provision in the contract. Why shouldn't there be a claim for breach of that implied provision, implied by law provision? Because here plaintiffs didn't bring their claims timely within the one-year statute of limitations. Let me ask, because I think you do believe the requirement of a reasonable statute of limitations still applies, right? If the statute of limitations were one day, then we would have law that would say, well, that's not reasonable, and so we wouldn't enforce it, right? I do agree, and I think the case is even further insight. Right, but then I don't understand in light of what you just said. Why wouldn't your answer be, well, we don't care about that because there's 220 administrative procedures available? I think that you make a good point. I think you could say that under the teachings of Robel, I understand that you can't, at least according to the Court of Appeals, completely do away with a third-party beneficiary claim, but you can reasonably put a statute of limitation in a contract that, by the way, the individuals are not even a party to. So what they're essentially advocating for here, and something else that I take issue with, is that they're not parties to the contract. They want to read into the contract provisions that don't exist, and then they want to read out of the contract terms that do, which is the one-year statute of limitations provision, and I think the issue that you have with that is that what plaintiffs are really advocating for then is ignore the contract entirely and let me bring a Section 220 claim in the court system under the guise of a third-party beneficiary contract claim when the legislature explicitly did not create that cause of action for them. Well, I mean, now I feel like you're warring with the Court of Appeals' description in right of what the legislature did. I mean, the administrative proceeding, I think, if we can glean anything from the Court of Appeals' decision in 1980, it was that they adopted the dissent of the appeals division, which emphasized that the administrative remedy was not designed to supersede the common law remedy. It was supplementing it. We can't point to the administrative remedy and say that's the answer here. We've got to look to the common law remedy that was built into the statute. I mean, it's interesting the statute didn't say you have to pay administrative wages. It said you have to include a term in your contract that requires you to pay administrative wages. I mean, prevailing wages. That strikes me as adding something beyond the imposition of the obligation on the employer. It's the mechanism by which they created an enforcement tool for the workingmen to use their language. Well, I would suggest that if that was what the legislature truly intended, they would have explicitly stated that, but they didn't say that. You don't think that's what the New York courts have understood them to have done? I don't think so, and I think you've mentioned the Wright case, but the Wright case specifically observed that the legislation was enacted primarily to assist private employees in enforcing their rights against employers, and as much as their existing common law contractual rights entailed difficult issues of proof. That's from the Wright v. Herb Wright stucco case that plaintiffs cite. So I submit that the administrative procedures were created to help workers as opposed to create this ambiguous potential third-party beneficiary breach of contract claim when they don't explicitly state that. So you would say the prevailing wage provision provided by statute is not itself enough to give a third-party beneficiary a claim, and the administrative mechanism is the place to ensure consistent enforcement? Yes. Okay. I read that as exactly what the appeals division said in Wright, and the Court of Appeals rejected in favor of the dissent in Wright. That's what I'm struggling with. Well, in Wright, though, the contract specifically called for the payment of prevailing wages. Okay. I think we've gone over my time. No, no. Thank you for it. We appreciate it. We've kept you up here, and I appreciate it. Thank you. Thank you. Mr. Rodsker. Excuse me. Thank you, Your Honor. Just to cover a couple of points, because I think the discussion covered a lot of this already. Every public works contract has a prevailing wage requirement. A contract might not be for public works, in which case Labor Law 220 would not apply. It's also black-letter law, not even beyond the Labor Law 220 context, that when a statute requires a contract to have certain language, it's in there, whether it's in the text or not, and the intention of the parties doesn't matter. And there's numerous cases, some of them pretty venerable, that are cited in our briefing. And finally, I would just say that there's nothing special about the statute of limitations that distinguishes it from a negatory clause or a exhaustion administrative remedies clause. Defendants haven't pointed to anything that would put a statute of limitations on a higher pedestal than those kinds of clauses, and I think no reason exists that the New York courts would not hesitate to strike down the statute of limitations in this case, just like they struck down those clauses. Thank you. Thank you. Appreciate both your arguments. We will take it under advisement and get something out to you. Thank you.